# White, Appellant, *v.* Philadelphia.

*Negligence—Municipalities—Doorsteps—Falling over steps.*

1. A city ordinance providing that doorsteps "shall not extend more than four feet six inches into any footway of any street fifty feet wide or upwards, or a proportionate distance into any footway in any street of less width than fifty feet," applies to the width of a street as physically opened, but not to the width of a street as plotted upon the city plan, but not physically opened to its full width. Such an ordinance is intended to define the limit of an encroachment on the pavement so as to provide a reasonable space between the steps and the curb, and the limit of encroachment is made to depend on the actual, and not on the theoretical, width of the street.

2. No liability can be imposed upon a city for personal injuries caused by a fall over a doorstep, where it appears that there was a safe footway six feet and four inches wide between the end of the steps and the curb.

3. A city is not required to open a street to the full width plotted. This is a matter wholly within the discretion of the municipal authorities and not reviewable by the court or jury in an action to recover damages for personal injuries.

Argued Jan. 7, 1909. Appeal, No. 233, Jan. T., 1908, by plaintiff, from judgment of C. P. No. 2, Phila. Co. June T., 1905, No. 3,526, on verdict for defendant in case of Thomas Raeburn White, Administrator of the Estate of James P. Kimmey and Frances A. Kimmey, his wife, v. Philadelphia. Before Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for personal injuries sustained by Frances A. Kimmey, deceased, the wife of James E. Kimmey, also deceased, in falling over the steps in front of premises No. 1404 Huntington street, July 4, 1905, about 9 o'clock p. m. Before Sulzberger, P. J.

In addition to the facts stated in the opinion of the Supreme Court, it appeared that the accident happened on a clear evening, and that an electric light was burning within 145 feet of the steps when the accident occurred. Mrs. Kimmey was walk-

ing in a bunch or group of people stated to be twenty-five or thirty in all.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Robert D. Jenks,* for appellant.

*Joseph W. Catharine,* assistant city solicitor, and *J. Howard Gendell,* city solicitor, for appellee.

PER CURIAM, March 1, 1909:

The negligence alleged in the statement of claim was that the city permitted doorsteps in front of a house on the south side of Huntington street, west of Broad, to extend to an unlawful distance into the footway. The proofs at the trial were that in 1857 Huntington street was plotted of the width of fifty feet but was never actually opened at this point to a greater width than forty-eight feet, because houses built on the south side of the street extended two feet north of the south line of the plotted street. In 1887 the north half of the street was dedicated to public use, but no action was ever taken by the city in relation to the south half. The street was, however, regarded as a public highway and was paved with a footway twelve feet wide on the north side, a wagonway twenty-six feet wide, and a footway on the south side ten feet wide, making a completed street forty-eight feet in width. When the houses were built, the owners of the land were at liberty to make any use of the part included in the plotted street and, since they were built before the Act of December 27, 1871, P. L. (1872) 1390, the value of the buildings would be included in the assessment of damages, if their removal was required by the opening of the street to the full width plotted.

An ordinance of the city provides that steps "shall not extend more than four feet, six inches into any doorway of any street fifty feet wide or upwards or a proportionate distance into any footway in any street of less width than fifty feet."

The steps in question extended three feet and eight inches from the house line and they were entirely within the requirements of the ordinance for a street forty-eight feet wide, and there was a safe footway six feet and four inches wide between the end of the steps and the curb.

The city was not required to open the street to the full width plotted. This was a matter wholly within the discretion of the municipal authorities and not reviewable by the court or jury. Nor can the ordinance be construed to apply to the theoretical street line. This might be so far back of the actual building line as to make access to a house impracticable. The ordinance was intended to define the limit of encroachment on the pavement, so as to provide a reasonable space between the steps and the curb, and the limit of encroachment was made to depend on the actual width of the street.

The second ground on which a nonsuit was entered, the contributory negligence of the person injured, was equally well taken but it is unnecessary to discuss it.

The judgment is affirmed.